TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-802 |
| of | : | |
| | : | November 21, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE THOMAS JEFFRY, JR., COUNTY COUNSEL, COUNTY OF ALPINE, has requested an opinion on the following question:

May a county board of supervisors, in appointing a person to the office of district attorney to serve the remainder of the term of the prior officeholder, waive the requirement that the appointed officer be a citizen of the State of California?

CONCLUSION

A county board of supervisors, in appointing a person to the office of district attorney to serve the remainder of the term of the prior officeholder, may not waive the requirement that the appointed officer be a citizen of the State of California.

ANALYSIS

We are informed that a district attorney has resigned in a sparsely populated, rural county that borders the State of Nevada. Many residents in the eastern portion of the county regularly travel to and from Nevada for goods and services. The board of supervisors is considering

the appointment of a person who resides in Nevada to serve out the remainder of the former district attorney's term of office. May the board do so? We conclude that the appointee must be a resident of California.

The district attorney's office under consideration is an elective office. (Cal. Const., art. XI, § 1, subd. (b); Gov. Code, § 24009, subd. (a).) **Footnote No. 1** However, whenever a vacancy occurs in the office, the board of supervisors is required to appoint someone to complete the unexpired term. Section 25304 provides:

"The board of supervisors shall fill by appointment all vacancies that occur in any office filled by the appointment of the board and elective county officers, except judge of the superior court and supervisors. The appointee shall hold office for the unexpired term or until the first Monday after January 1st succeeding the next general election."

A person must be a citizen of California in order to hold "civil office" in this state. Section 1020 states: "A person is incapable of holding a civil office if at the time of his election or appointment he is not 18 years of age and a citizen of the state." The office of district attorney is a "civil office." (See §§ 1001, 24000; 61 Ops.Cal.Atty.Gen. 528, 529 (1978); 57 Ops.Cal.Atty.Gen. 498, 501 (1974).) **Footnote No. 2**

With respect to being a citizen of California, the Legislature has provided in section 241 as follows:

"The citizens of the State are:

"(a) All persons born in the State and residing within it, except the children of transient aliens and of alien public ministers and consuls.

"(b) All persons born out of the State who are citizens of the United States and residing within the State."

Hence, a person who is a citizen of California must reside within the state. Here, the prospective appointee to the office of district attorney is not a resident of California, but rather a Nevada resident. (See 75 Ops.Cal.Atty.Gen. 26, 27-28 (1992); 73 Ops.Cal.Atty.Gen. 427, 429-430 (1990).) May the California residency requirement be waived by the board of supervisors?

Section 24001 provides:

"Except as otherwise provided in Sections 27550.1 and 27641.1 or in this section, or in Section 21123 or 34711 of the Water Code, or in any landowner voting district, as defined in paragraph (9) of subdivision (b) of Section 10500 of the Elections Code, a person is not eligible to [hold] a county or district office, unless he or she is a registered voter of the county or district in which the duties of the office are to be exercised at the time that nomination papers are issued to the person or at the time of the appointment of the person.

"The board of supervisors or any other legally constituted appointing authority in a county or district may, if it finds that the best interests of the county or district will be served, waive the requirements of this section for an appointed county or district office." **Footnote No. 3**

It has been suggested that under the terms of section 24001, a board of supervisors may waive the California residency requirement for an appointee to the office of district attorney. We reject the suggestion for a number of reasons.

First, section 24001 authorizes the waiver of the registered voter requirement "for an appointed county or district office." Here, the district attorney's office is elective, not appointive. More importantly, even if the waiver provision were applicable to elective offices that are temporarily filled by appointment, section 24001 authorizes only the waiver of "the requirements of this section." At most, then, a candidate for the office of district attorney need not be a registered voter in the county at the time of the appointment; a waiver of such requirement does not and cannot waive the additional state citizenship and state residency requirements specified in a different statute.

No other statute has been suggested that would authorize a district attorney to be a citizen and resident of another state. **Footnote No. 4** We thus conclude that a board of supervisors, in appointing a person to the office of district attorney to serve the remainder of the term of the prior officeholder, may not waive the requirement that the appointed officer be a citizen of the State of California.

\* \* \* \* \*

---

**Footnote No. 1**
All references herein are to the Government Code unless otherwise specified.

**Footnote No. 2**
In 61 Ops.Cal.Atty.Gen. 528, *supra*, we considered the application of section 1020 to an appointee who was not a United States citizen. That issue is not present here, and we do not find the analysis of our prior opinion to be controlling.

**Footnote No. 3**
The registered voter requirement of section 24001 is not applicable or may be waived for candidates for "the office of surveyor in a county containing a population under 20,000 . . ." (§ 27550.1), the office of "the county counsel" (§ 27641.1), the "offices of assessor, collector, or treasurer" of an irrigation district (Wat. Code, § 21123), and any office of "a district whose principal act requires an elector to be an owner of land located within the district" (Elec. Code, § 10500, subd. (b)(9)).

**Footnote No. 4**
We also note that under the terms of section 1770, subdivision (e), the office of a district attorney would become vacant when the incumbent no longer was an "inhabitant" (resident) of the county. (See 75 Ops.Cal.Atty.Gen., *supra*, at 27-28.)